9133/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
HATSU MARINE LIMITED
EVERGREEN MARINE (UK) LIMITED
EVERGREEN MARINE CORP. (TAIWAN) LTD.
EVERGREEN MARINE CORP.
EVERGREEN SHIPPING AGENCY (AMERICA) CORP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANOVER INSURANCE COMPANY, as assignee of Stonyfield Farm, Inc.<br><br>Plaintiffs,<br><br>- against -<br><br>DINGXI LONGHAI DAIRY CO. LTD.; HATSU MARINE LIMITED; EVERGREEN MARINE (UK) LIMITED; EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE CORP.; EVERGREEN SHIPPING AGENCY (AMERICA) CORP.,<br><br>Defendants. | 08 CV 3146 (Judge Leisure)<br><br>ECF CASE<br><br>**VERIFIED ANSWER** |

Defendants, HATSU MARINE LIMITED; EVERGREEN MARINE (UK) LIMITED (both hereinafter collectively referred to as "HATSU"); EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE CORP. (both hereinafter collectively referred to as "EVERGREEN") and EVERGREEN SHIPPING AGENCY (AMERICA) CORP. (hereinafter referred to as "ESA"), by its attorneys Cichanowicz,

Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Admits that defendant Hatsu Marine Ltd. now doing business as Evergreen Marine (UK) Limited is a foreign corporation organized under the laws of the United Kingdom and except as so admitted denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9.

10. Admits that Evergreen is a foreign corporation organized under the laws of the Republic of China (Taiwan) and except as so admitted, denies the allegations contained in paragraph 10.

11. Denies that there is any such corporation called Evergreen Marine Corp. and further denies any other allegations contained in paragraph 11.

12. Admits that defendant ESA is a New Jersey corporation with an office and principal place of business located at 1 Evertrust Plaza, Jersey City, NJ 07302 and was at all times acting as an agent for a disclosed principal.

13. Denies the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Admits that Hatsu issued bills of lading covering the transportation of cargo from the port of Xingang, China to Londenderry, New Hampshire and that true and correct copies of the face of Hatsu bills of lading nos. HTML141790002390, 141790002012, 141790002373, 14190002322, 141790002390 are attached to the complaint and except as so admitted denies the remaining allegations contained in paragraph 19 and denies knowledge or information sufficient to form a belief in regard to defendants Evergreen and ESA.

20. Admits that the cargo was delivered to final destination on or about May 1, through May 8, 2007 and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Admits that the cargo was carried from the port of Xingang to Londonderry, New Hampshire via the port of New York pursuant to the terms and conditions of the bills of lading contained in exhibit D and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies that Hatsu is responsible for stuffing the 12 containers with eighteen (18) pallets each of inulin at the port of Xingang, China and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Admits that defendants Hatsu transported the cargo from Xingang to Londonderry via the port of New York pursuant to the terms and conditions of the relevant bill of lading contracts and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31 as they relate to defendants Hatsu, Evergreen and ESA.

32. Denies the allegations contained in paragraph 32 as they relate to defendants Hatsu, Evergreen and ESA except admits non payment and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 as they relate to defendant Dingxi Longhai Dairy Co., Ltd. (hereinafter "Dingxi")

33. Denies the allegations contained in paragraph 33 as they relate to defendants Hatsu, Evergreen and ESA except admits that defendant ESA is the agent of Evergreen (UK) Limited and Evergreen Marine Corp. (Taiwan) Ltd. and except as so admitted, denies the allegations contained in paragraph 33 in regard to defendants Hatsu, Evergreen and ESA being agents for Dinxi Longhai Dairy Co., Ltd.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34.

## AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF ACTION
## DAMAGE TO GOODS IN TRANSIT

35. Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraphs 1-34 of its answer to the complaint as if heretofore set out at length herein.

36. Admits that defendant Hatsu agreed to carry containers said to contain bags from the Port of Xingang to Londonderry, New Hampshire via Los Angeles, California pursuant to the terms and conditions of certain bill of lading contracts and, except as so admitted, denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37 and they relate to defendants Hatsu, Evergreen and ESA. Denies knowledge or information sufficient to form a belief as to the allegations relating to the other defendants.

38. Denies the allegations contained in paragraph 38 except admits non-payment.

## AS AND FOR ITS ANSWER TO THE SECOND CAUSE OF ACTION
### NEGLIGENCE

39. Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraphs 1-38 of its answer to the complaint as if heretofore set out at length herein.

40. Denies the allegations contained in paragraph 40 as they relate to defendants Hatsu, Evergreen and ESA but admits that all obligations that existed between plaintiff and the aforesaid defendants are contained in the applicable bill of lading contracts and in the United States Carriage of Goods be Sea Act which are applicable to the shipment in question. Defendants Hatsu, Evergreen and ESA further deny knowledge

or information sufficient to form a belief as to the allegations contained in paragraph 40 as they relate to the defendant Dingxi.

41.     Denies knowledge or information sufficient to form a belief as to the allegations as they apply to the remaining defendant Dingxi.

## AS AND FOR ITS ANSWER TO THE THIRD CAUSE OF ACTION

## UNWORKMANLIKE PERFORMANCE

42.     Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraph 1-41 of its answer to the complaint as if heretofore set out at length herein.

43.     Admits that any duties owed by defendants Hatsu, Evergreen and ESA are set forth in the applicable bill of lading contracts in the United States Carriage of Goods by Sea Act and, except as so admitted, denies the allegations contained in paragraph 43 as they relate to defendants Hatsu, Evergreen and ESA, and denies knowledge or information sufficient to form a belief as to the allegations as they relate to defendant Dingxi..

44.     Denies the allegations contained in paragraph 44.

## AS AND FOR ITS ANSWER TO THE FOURTH CAUSE OF ACTION

## CONVERSION

45.     Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraph 1-44 of its answer to the complaint as if heretofore set out at length herein.

46.     Denies the allegations contained in paragraph 46 as they relate to defendants Hatsu, Evergreen and ESA.

47. Denies the allegations contained in paragraph 47.

## AS AND FOR ITS ANSWER TO THE FIFTH CAUSE OF ACTION

## NEGLIGENT ENTRUSTMENT

48. Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraph 1-47 of its answer to the complaint as if heretofore set out at length herein.

49. Admits that any obligations that applied between plaintiff and defendants Hatsu, Evergreen and ESA are set forth in the applicable bill of lading contracts and in the United States Carriage of Goods by Sea Act and, except as so admitted, denies the allegations contained in paragraph 49 and denies knowledge or information sufficient to form a belief as to the allegations as they relate to defendant Dingxi.

50. Denies the allegations contained in paragraph 50.

## AS AND FOR ITS ANSWER TO THE SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

51. Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraph 1-50 of its answer to the complaint as if heretofore set out at length herein.

52. Admits that defendant Hatsu contracted to carry the cargo in question from the port of Xingang to Londonderry, New Hampshire via the port of New York pursuant to the terms and conditions of the applicable bill of lading contracts and, except as so admitted, denies the allegations contained in paragraph 52 as they relate to defendants Hatsu, Evergreen and ESA and denies knowledge or information sufficient to

form a belief as to the allegations contained in paragraph 52 as they relate to defendant Dingxi.

53. Denies the allegations contained in paragraph 53 as they relate to defendants Hatsu, Evergreen and ESA and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 as they relate to defendant Dingxi.

54. Denies the allegations contained in paragraph 54.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT DINGXI LONGHAI DAIRY CO. LTD.

55. Defendants Hatsu, Evergreen and ESA repeat and reallege each and every allegation set forth in paragraph 1-54 of its answer to the complaint as if heretofore set out at length herein

56. If there was any loss or damage to the shipment referred to in plaintiff's complaint, which is denied, said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of DINGXI LONGHAI DAIRY CO. LTD. and by reason thereof, defendants Hatsu, Evergreen and ESA are entitled to full indemnity and/or contribution from co-defendant DINGXI LONGHAI DAIRY CO. LTD. for all loss and damage including reasonable counsel fees and expenses incurred by NYK in the defense of this case.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the terms

and conditions of the United State's Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

58. Defendants Hatsu, Evergreen and ESA claim the benefit of all exceptions, exemptions and limitations contained in the bill of lading contracts and the aforesaid statute to the full extent they may be applicable to it.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. ESA was, at all times, acting as an agent for a disclosed principal, i.e. Evergreen UK formerly d/b/a Hatsu Marine.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. The complaint fails to state a cause of action against defendants Hatsu, Evergreen and ESA.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Defendants Hatsu, Evergreen and ESA claim the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States and any international conventions which may be applicable to the shipment in question to the full extent they may be applicable to it.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. Damage, if any, to the cargo was the result of an inherent vice or defect in the cargo for which defendants Hatsu, Evergreen and ESA are not liable pursuant to 46 U.S.C.A. §1304(2)(m).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Damage, if any, to the cargo was due to acts or omissions of the shipper or owner of the goods, his agents or representatives in regard to the pre-shipment, care and custody of the cargo as set forth in COGSA §1304(2)(i).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

64. Damage, if any, was due to insufficiency of packing by the shipper or his agents or contractors for which defendants Hatsu, Evergreen and ESA are not liable pursuant to COGSA §1304(2)(n).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. Damage, if any, arose without the actual fault and privity of the carrier and without the fault or neglect of his agents or servants for which defendants Hatsu, Evergreen and ESA are not liable pursuant to COGSA §1304(2)(q).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. Defendants liability, if any, is limited to $500 per package pursuant to COGSA §1304(5).

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

67. Plaintiffs failed to give notice of claim within three days after the delivery of the cargo and, therefore, the cargo was presumed to have been delivered in good order and condition pursuant to COGSA §1304(6).

WHEREFORE, defendants Hatsu, Evergreen and ESA pray that the complaint be dismissed together with costs, disbursements and attorneys' fees or, in the alternative, that if any liability is found against said defendants that they shall have indemnity and

contribution from defendant Dingxi together with costs, disbursements and attorneys' fees incurred in the defense of this action.

Dated: New York, New York
May 22, 2008

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        61 Broadway, Suite 3000
        New York, New York 10006

        *Attorneys for Defendant*
        HATSU MARINE LIMITED
        EVERGREEN MARINE (UK) LIMITED
        EVERGREEN MARINE CORP. (TAIWAN) LTD.
        EVERGREEN MARINE CORP.
        EVERGREEN SHIPPING AGENCY (AMERICA) CORP.

By:    s/ Paul M. Keane

        Paul M. Keane (PMK-5934)

To:    David Y. Loh
        Cozen & O'Connor
        45 Broadway Atrium, Suite 1600
        New York, NY 10006

### CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On May 22, 2008, I served a complete copy of HATSU MARINE LIMITED, EVERGREEN MARINE (UK) LIMITED, EVERGREEN MARINE CORP. (TAIWAN) LTD., EVERGREEN MARINE CORP., EVERGREEN SHIPPING AGENCY (AMERICA) CORP. answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:  David Y. Loh
     Cozen & O'Connor
     45 Broadway Atrium, Suite 1600
     New York, NY 10006

                                                    _____
                                                    Amanda Magri

DATED:   May 22, 2008
         New York, New York